BANCO COMERCIAL DE PUERTO RICO, DEMANDANTE Y APELANTE, *v.* ECHEVARRÍA, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa sobre cobro de dólares, intereses, costas y honorarios de abogado.

No. 1316.—Resuelto en junio 2, 1915.

HONORARIOS DE ABOGADO—SENTENCIA EN REBELDÍA.—Para que el contrato sobre pago de honorarios de abogado pueda hacerse efectivo mediante sentencia registrada por el secretario sin necesidad de juicio, es necesario que la cantidad reclamada esté determinada previamente por convenio entre las partes. Cuando esto no ocurre, es necesario que el tribunal intervenga y fije la cuantía.

ID.—CANTIDAD INDETERMINADA.—La obligación de pagar honorarios sin haberse determinado la cantidad, admite solamente el pago de los que son razonables.

ID. — CANTIDAD RAZONABLE — FACULTADES DE LOS JUECES — SECRETARIOS.—De acuerdo con la ley son los jueces de las cortes y no los secretarios los que tienen la facultad de determinar la cantidad razonable que deba pagarse por honorarios de abogado, en los casos en que proceda y se ordene dicho pago.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio Sarmiento.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El Banco Comercial de Puerto Rico entabló demanda en la Corte de Distrito de Aguadilla, en cobro de seiscientos pesos, intereses, costas, gastos y honorarios de abogado, contra José Echevarría Maisonave.

La deuda del demandado se hizo constar en un documento

escrito en el cual se convino además "que en caso de ejecución todos los gastos, costas y honorarios del abogado del Banco serían de cuenta del deudor," sin fijarse cantidad alguna determinada para honorarios de abogado, ni establecerse una base cierta para el cálculo de los mismos.

Emplazado el demandado, no contestó la demanda, y acusada y anotada su rebeldía, registró el secretario sentencia condenándolo al pago de la suma reclamada, intereses y costas. Nada expresó el secretario con respecto a los honorarios de abogado.

El Banco de Puerto Rico interpuso entonces el presente recurso de apelación contra la sentencia registrada por el secretario. Dicho recurso está limitado a la cuestión de si atendidos los términos del contrato, base de la acción ejercitada por el demandante, debió haberse condenado también al demandado al pago de honorarios.

Un caso igual al presente fué decidido por esta Corte Suprema el 29 de abril último. Nos referimos al de *El Banco de Puerto Rico* v. *Ereño et al.* En él, después de decidirse que el pacto sobre pago de honorarios de abogado en casos de reclamación judicial, es válido, dijo esta corte, por medio de su Juez Asociado Sr. Aldrey, lo que sigue:

"Para que este convenio pueda hacerse efectivo mediante una sentencia registrada por el secretario sin necesidad de juicio, es necesario que la cantidad reclamada esté determinada por convenio entre las partes, ya especificando la que por ellos ha de pagarse, ya de alguna otra manera que mediante una simple operación aritmética permita conocer la suma que ha de ser pagada, como cuando se estipula un tanto por ciento de la reclamación que se haga; pero cuando no ocurre esto, es necesario que el tribunal determine el importe de esa obligación de pagar honorarios, ya que siendo ilíquida la obligación la rebeldía admite el derecho a pagarla, pero no la cantidad a que se tiene derecho. 23 Cyc., 753. La obligación de pagar honorarios sin haberse determinado la cantidad admite solamente el pago de los que son razonables. 20 Am. Ap. Cas., 1730–1734."

Nada es necesario agregar. Sólo cabe aplicar la doctrina sentada, y, aplicándola, desestimar el recurso. No es al secre-

tario, sino a la corte a la que corresponde decidir extremos como el indicado. De acuerdo con la ley, son los jueces de las cortes, y no los secretarios, los que tienen la facultad de determinar la cantidad razonable que debe pagarse por honorarios de abogado, en los casos en que proceda y se ordene dicho pago.

Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.